**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROZINA KIMANI MUTHOKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-02436 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Currently before the court is plaintiff's *pro se* initiating pleading, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained herein, the court will deny plaintiff's IFP application and dismiss the complaint.

Plaintiff, who is currently designated the St. Louis County Jail, has presented submissions that are difficult to follow.  Her initiating pleading is captioned as a "Bill of Reversion Writ, Writ of Right," but a plaintiff must open a civil matter by filing a civil complaint.  *See* Fed. R. Civ. P. 3; *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]") (citing Fed. R. Civ. P. 3).  The pleading also fails to comply with the formal requirements of Federal Civil Rule 10(b) and D.C. Local Civil Rule 5.1(d), (e), (g).  She sues approximately eleven defendants, including the United States, the state of Missouri, federal courts, and other party defendants that cannot be discerned.  She also fails to provide contact information for the defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1).

Assuming that plaintiff intended her pleading to serve a complaint, and generously construing it as such, the contents fare no better.  The complaint consists of a mix of vague and

unconnected allegations, *non-sequiturs*, and personal anecdotes, all covering a range of topics. Plaintiff asks this Court to "enforce legislation," demanding $144 trillion in damages under a litany of different laws, but she fails to make out a cognizable claim under any of the authority cited.

   *Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the court nor the defendants can reasonably be expected to identify any of the intended claims.

   Furthermore, it appears that plaintiff is attempting to proceed with this matter, at least in part, on behalf of an estate and/or trust, and she indicates that she brings this matter as a class action. But, "[i]n all courts of the United States the parties may plead and conduct their own cases

personally or by counsel[.]" 28 U.S.C. § 1654.  First, as an artificial entity, a trust cannot proceed in federal court without licensed counsel.  *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121, 2020 WL 109056 at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust"); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889 at *2 (D.D.C. May 4, 2015) (a litigant proceeding *pro se* "cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney") (citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003) and *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)).  Second, a *pro se* litigant cannot bring a class action.  *See Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others")(citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom*. *Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

To that same end, plaintiff has filed an IFP application, at least in part, on behalf of a trust, but an artificial entity cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993).  More, even if plaintiff intended to bring the IFP application only on her own behalf, it is devoid of any of the information or material necessary to assess her financial

circumstances, *see* 28 U.S.C. § 1915(a)(1), and fails to include her prison ledger sheets, *see id.* § 1915(a)(2). For these reasons, the IFP application must be denied.

For the foregoing reasons, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.


Date:   October 19, 2023                     _____/s/_____

                                                                JIA M. COBB
                                                      United States District Judge